UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL HARRISON
HERNANDEZ,

       Petitioner,

  v.                                Case No.:  2:26-cv-01416-SPC-NPM

TODD M. LYONS *et al.*,

       Respondents,

                                 /

## OPINION AND ORDER

Before the Court are Daniel Harrison Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Hernandez is a native and citizen of Cuba who was paroled into the United Stats on March 20, 2000.  He quickly began racking up a significant criminal record, including convictions for petit and grand theft, drug possession, burglary, aggravated assault with a firearm, and armed robbery. On January 12, 2026, Hernandez finished a five-year prison sentence for five burglaries, two grand thefts, driving on a permanently revoked license, aggravated assault, and discharging a firearm into a vehicle.  Prior to his release, Immigration and Customs Enforcement ("ICE") issued a notice of intent to issue a final administrative removal order and a warrant of removal.

ICE took custody of Hernandez when he was released from prison and detained him at Alligator Alcatraz.

Hernandez claims his continued detention violates the Fifth Amendment because Cuba will not accept him for repatriation. In response, the government first argues Hernandez failed to exhaust administrative remedies by requesting a bond hearing before an immigration judge. A plaintiff or petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140, 148 (1992). ICE takes the position Hernandez is subject to mandatory detention under 8 U.S.C. § 1226(c) due to his convictions of aggravated assault, robbery, burglary, and grand theft. In *Matter of Yajure Hurtado*, the BIA held that immigration judges have no authority to consider bond requests from noncitizens subject to mandatory detention. 29 I&N Dec. 216, 220 (BIA 2025). The Court finds good cause to excuse exhaustion because the result appears predetermined under *Yajure Hurtado*.

As to the merits of Hernandez's claims, the government argues mandatory detention under § 1226(c) is proper due to his convictions for crimes involving moral turpitude. In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c). "While *Demore* upheld § 1226(c)'s provision mandating detention of

criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed." *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016).

The Eleventh Circuit found "an implicit temporal limitation at which point the government must provide an individualized bond hearing to detained criminal aliens whose removal proceedings have become unreasonably prolonged." *Id.* at 1214. The court adopted a case-by-case approach to determine when a noncitizen becomes entitled to a bond hearing. It identified a non-exhaustive list of factors and noted "the factors that should be considered will vary depending on the individual circumstances present in each case. *Id.* at 1218. The Court finds three factors particularly relevant here.

1. <u>The amount of time the alien has been detained without a bond hearing</u>

Hernandez has been detained since January 12, 2026—so 109 days as of this Order—without a bond hearing. "The need for a bond inquiry is likely to arise in the six-month to one-year window, at which time a court must determine whether the purposes of the statute—preventing flight and criminal acts—are being fulfilled, and whether the government is incarcerating the alien for reasons other than risk of flight or dangerousness." *Sopo*, 825 F.3d at

1217. Given the duration of Hernandez's detention, this factor favors the government.

## 2. Whether it will be possible to remove the alien after a final order of removal

It does not appear Hernandez is subject to a final removal order yet, but an unsigned removal order attached to the government's response suggests it intends to attempt removal to Cuba, a country that historically refuses repatriation of its emigres from the United States. This factor favors a bond hearing.

## 3. Whether the time in immigration detention exceeds the prison sentence

Hernandez's time in immigration detention has not come close to the five-year prison sentence he just completed. This factor favors the government.

After weighing the *Sopo* factors, the Court finds Hernandez's detention lawful under § 1226(c).

Accordingly, it is hereby

**ORDERED**:

Daniel Harrison Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5